UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SENIOR HOME HEALTH CARE, INC.,

        Plaintiff,

v.

SUNRISE MEDICAL HHG, INC., ET AL.,

        Defendants.

_____/

Case No. 08-10064

Honorable Nancy G. Edmunds

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE FOR CERTIFICATION FOR IMMEDIATE, INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) [20, 21]

This insurance dispute comes before the Court on Defendants Sunrise Medical HHG, Inc. ("Sunrise Medical") and Noetic Specialty Insurance Company ("Specialty Insurance")'s motion for reconsideration or, in the alternative, for an immediate, interlocutory appeal under 28 U.S.C. § 1292(b). For the reasons stated below, Defendants' motion is DENIED.

### A. Reconsideration

On August 5, 2008, this Court issued an Order granting in part Plaintiff's motion for summary judgment and denying Defendants' cross-motion for summary judgment [16]. Defendants' motion argues that the Court should reconsider its August 5, 2008 Order.

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, the Court will not grant motions for reconsideration "that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but

also show that correcting the defect will result in a different disposition of the case."

Because Defendants' motion fails to satisfy the rule's requirements, it is DENIED.

## B. Interlocutory Appeal

Defendants' motion also requests that this Court issue an order amending its August 5, 2008 Order so as to certify the decision for immediate appeal under 28 U.S.C. § 1292(b). This Court's certification is a necessary first step for Defendants' appeal of this otherwise nonappealable interlocutory order. Defendants' request is DENIED.

28 U.S.C. § 1292(b) provides that certification for appeal is appropriate if the Court is of the opinion that its interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." As the Sixth Circuit recently observed, "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

This is not the exceptional case where such review should be granted. Defendants have not satisfied the required criteria set out in 28 U.S.C. § 1292 for the Order at issue here [16]. The Court is not convinced that there is substantial ground for difference of opinion on the issue Defendants seek an immediate appeal. Likewise, the Court is not convinced that an immediately appeal from its August 5, 2008 Order [16] will materially advance the ultimate termination of this litigation. Rather, an interlocutory appeal will unnecessarily delay final resolution of this pending matter.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

2

Dated: August 19, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 19, 2008, by electronic and/or ordinary mail.

S/Carol A. Hemeyer
Case Manager